RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY P. MOORE, CLERK
DATE 9 / 9 / 13

UNITED STATES DISTRICT COURT                                    a
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

CALVIN D. RICE, SR.                    DOCKET NO. 13-CV-2248; SEC. P

VERSUS                                 JUDGE DRELL

WARDEN                                 MAGISTRATE JUDGE KIRK

<u>REPORT AND RECOMMENDATION</u>

Pro se petitioner Calvin D. Rice, Sr., is an inmate incarcerated at the Rapides Parish Detention Center in Alexandria, Louisiana. He was granted leave to proceed in forma pauperis on August 23, 2013. [Doc. #12] Rice filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. He claims that he is entitled to diminution of sentence, and he seeks a speedier release from custody.

This matter has been referred to the undersigned for review, report, and recommendation pursuant to the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Petitioner's Claims*

Petitioner was convicted on or about September 26, 2011, of second degree battery. He was sentenced to five years of imprisonment. [Doc. #1-2, p.4] The court designated the charge as a crime of violence. [Doc. #1-2, p.4] It was determined that Petitioner had a prior conviction for another crime of violence, so he was deemed ineligible for diminution of sentence or "good time."

Petitioner filed administrative grievances regarding his ineligibility for good time, which were denied on February 14,

2012, and March 13, 2012.  [Doc. #1-2, p.2, 3] Petitioner attempted to appeal the denials to the Fourth Circuit Court of Appeal.  The appellate court returned the documents to Petitioner informing him that he must file in the Nineteenth Judicial District Court.  [Doc. #1-2, p.1]  Petitioner alleges that he then filed his claim in the 19th Judicial District Court, and was denied relief[1].  He alleges that he **did not** seek further review in the Court of Appeal or Louisiana Supreme Court.

### *Law and Analysis*

Rice alleges that he was deemed ineligible for diminution of sentence because he had previously been convicted of two violent crimes, as set forth in Louisiana Revised Statute 15:571.3B (Act 150 of the 1994 2nd Extraordinary Session).  Petitioner argues that he was not, in fact, convicted of two violent crimes.  He claims that one of the crimes used to determine his ineligibility was a 1992 *charge* of attempted sexual battery, of which he was never convicted.  [Doc. #4, p.2]  He also claims that second degree battery is not a crime of violence.  [Doc. #4, p.2]

Federal law is clear that a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to habeas relief whether pursuant to 28 U.S.C. §2241 or §2254(b).  See Dickerson v. Louisiana, 816 F.2d

---

[1]Although Petitioner claims that he filed suit in the 19th JDC, and was denied relief, he did not submit a copy of his petition or ruling from the 19th JDC.

220, 225 (5th Cir.1987), *cert. denied*, 484 U.S. 956 (1987); Rose v. Lundy, 455 U.S. 509(1982).  Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner.  See Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).  A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. See Rose, 455 U.S. at 523.

A federal district court may notice sua sponte the lack of exhaustion. Shute v. State, 117 F.3d 233, 237 (5th Cir. 1997). Federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. See Rose v. Lundy, 455 U.S. 509, 510 (1982).  As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court.  See Picard v. Connor, 404 U.S. 270, 275 (1971).

Rice filed administrative grievances, which were denied. Because the administrative remedies procedure was unsuccessful, Rice alleges that he sought judicial review in the Nineteenth Judicial District Court, East Baton Rouge Parish,[2] and that his

_____

[2]See La. R.S. 15:1177 ("Any offender who is aggrieved by an adverse decision ... by the Department of Public Safety and Corrections ... rendered pursuant to any administrative remedy procedures under this Part may, within thirty days after receipt of the decision, seek judicial review of the decision only in the Nineteenth Judicial District Court, or, if the offender is in the custody of the Sheriff, in the district court having jurisdiction in

claim was denied. **He states that he did not seek any further review.** In order to properly exhaust a sentence computation claim or good time discrepancy, a Louisiana prisoner must first seek review with the warden of the prison where he is incarcerated. If that proves unsuccessful, he must seek review with the Secretary of the LDOC. If that process proves unsuccessful, he must file a petition for review in the Nineteenth Judicial District Court. *If that proves unsuccessful, he must seek discretionary review in the First Circuit Court of Appeals and then the Louisiana Supreme Court.* Petitioner did not comply with this exhaustion process, and his claim should be dismissed.

## Conclusion

IT IS RECOMMENDED that the petition for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies.

## Objections

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may

the parish in which the sheriff is located, in the manner hereinafter provided...") and R.S. 15:571.15 ("Venue in any action in which an individual committed to the Department of Public Safety and Corrections contests the computation of his sentence or sentences, discharge, good time dates, or any action concerning parole shall be in the parish of East Baton Rouge ...").

be filed.   Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

### *Certificate of Appealability*

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.  See 28 U.S.C. §2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

**THUS DONE AND SIGNED** in chambers, in Alexandria, Louisiana, on this _____ day of September, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE